bility. *Efe v. Ashcroft,* 293 F.3d 899, 905 (5th Cir.2002). This court does not substitute its own judgment for that of the BIA or IJ with respect to witness credibility or ultimate factual findings based on credibility determinations. *Id.* When an IJ's credibility determination is based on a "reasonable interpretation of the record and therefore supported by substantial evidence," it will be upheld. *Chun v. INS,* 40 F.3d 76, 79 (5th Cir.1994). The IJ's credibility determination may not be overturned unless the record compels it. *Id.*

Notwithstanding Khan's arguments to the contrary, the BIA did not err in affirming the IJ's adverse credibility determinations. The inconsistencies in the Khan's testimony show that the credibility determinations were a reasonable interpretation of the record and therefore supported by substantial evidence. *See Chun,* 40 F.3d at 79. The opposite conclusion, that Khan was credible, is not compelled by the evidence. *Id.* Accordingly, the BIA did not err in denying Khan relief under the CAT.

PETITION DENIED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Vito Anthony RIZZO, Defendant–Appellant.**

No. 06–10203
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 2007.

Susan B. Cowger, Aaron Wiley, U.S. Attorney's Office Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Alexander Lee Calhoun, Law Office of Alex Calhoun, Austin, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.